PER CURIAM:
Claimant brought this action for damage which occurred to the water line on her property. In addition, claimant seeks to recover for the cost of excess water bills that she incurred as a result of this incident. Claimant’s property is located on Oak Ridge in Putnam County. Oak Ridge is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred around March of2007. Although Oak Ridge is located in a residential subdivision, respondent purchased the lot next to claimant’s property in connection with the construction of Route 35. In preparation for the construction of the highway, respondent demolished the house on its lot next to the claimant’s property and removed the septic system. Putnam Public Service District dug trenches in respondent’s driveway to place a new sewer line. The sewer line was placed next to the water line, which runs underneath respondent’s driveway and onto claimant’s property. On or about March 2, 2007, the Putnam Public Service District notified claimant that there was a problem with the water line causing more water to be expended.
Claimant contends that the heavy construction trucks and equipment crossing on respondent’s driveway, where a portion of the water line is located, caused claimant’s water line to break. Paul Callahan, claimant’s neighbor, testified that a tri-axle truck was situated on respondent’s property and contained equipment used to perform core drilling. Mr. Callahan stated that this privately constructed road is not intended to withhold the weight of large construction trucks and equipment. As a result of the heavy equipment on this road, claimant states that she incurred the cost of installing a new water line, which amounted to $800.00. In addition, claimant’s water bills, which normally cost approximately $30.00 a month, totaled $106.37 from January 31, 2007 through March 1, 2007, and $57.50 from March 1, 2007 through March 30, 2007.
The position of the respondent is that it did not have actual or constructive notice of the condition on Oak Ridge when this incident occurred. Shawn Smith, Project Engineer for respondent, stated that construction trucks were situated near respondent’s property from January through March of 2007 for the installation of the sewer line and *103 the demolition of the house on its property. In addition, contractors were bidding on a project to place a road behind the property. In order to submit a bid for this project, multiple contractors were independently engaged in core drilling on respondent’s property as a necessary step in bidding the project.
In the instant case, the Court is of the opinion that respondent was negligent in failing to take adequate measures to protect claimant’s water line from breakage. The respondent knowingly permitted multiple contractors, with heavy trucks and equipment, to enter onto respondent’s property and engage in core drilling as part of their contract bidding process. Respondent was fully aware that Oak Ridge is primarily a residential road and is not intended to withhold the weight of large construction trucks and equipment. Therefore, the Court finds that respondent is negligent. Claimant is entitled to recover for the damage caused to her water line ($800.00) and for the excess water bills ($103.87) that she incurred. Since claimant’s water bills typically cost $30.00 a month, the Court has deducted $60.00 to reflect the average amount that claimant would have paid regardless of this incident. Thus, the Court finds that $903.87 is a fair and reasonable amount of damages to be awarded to the claimant.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $903.87.
Award of $903.87.